UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                            No. 3:16-CR-30011-001

PATRICIA GAYLE LEWIS-ZUBKIN                                                                    DEFENDANT

## OPINION AND ORDER

Defendant filed a motion (Doc. 296) to reduce her sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c).  The Government filed a response (Doc. 297) in opposition. Defendant asks the Court to reduce her sentence to time served, or to modify the sentence of imprisonment such that the rest of her term of imprisonment is converted into supervised release with a condition of home confinement.  The motion will be denied.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification.  18 U.S.C. § 3582(c).  Though Defendant satisfies the exhaustion requirement and her medical records and the COVID-19 pandemic demonstrate extraordinary and compelling reasons for modification, Defendant has not shown that the § 3553(a) factors support modification.

On October 31, 2017, the undersigned sentenced Defendant to a term of imprisonment of 240 months.  In addition to the documents Defendant submitted in support of her motion, the Court reviewed the final presentence investigation report, transcript of the sentencing hearing, judgment, and statement of reasons.  Defendant argues she has had sufficient time to reflect on the seriousness of her offense during the completed portion of her term of imprisonment.  Defendant notes her age

and serious health conditions place her in a category of persons unlikely to recidivate. She argues her good behavior while in BOP custody demonstrates she does not pose a danger to the safety of any other person or to the community. She also notes that she had been participating in a drug rehabilitation program, but a facility transfer and the pandemic have interrupted that participation. Finally, Defendant argues that the conditions created by the pandemic have effectively made her sentence more severe than the sentence originally imposed by the Court, leading the sentence to be greater than is necessary to achieve the goals of sentencing.

The Government acknowledges that while Defendant's medical condition and the pandemic conditions are both serious, so was Defendant's offense conduct. The Government notes that the recommended guidelines sentence was capped at the statutory maximum of 240 months (which the Court imposed) or the recommended range would otherwise have been 360 months to life. The Government further notes that Defendant was a leader in a drug trafficking organization that was a major source of methamphetamine supply in the Harrison area. Defendant demonstrated a willingness to engage in violence while leading that conspiracy. The Government also points to Defendant's serial recidivism and prior violent activity, and notes that her age and prior incarceration did not prevent her criminal misconduct in this case.

Ultimately, the Court is not convinced that the period of incarceration Defendant has already served is sufficient to achieve the goals of sentencing. Her good behavior during this period of incarceration (though relatively short, compared to the sentence originally imposed) and her willingness to engage in a drug rehabilitation program are admirable and mitigating factors in her favor, and her health concerns are certainly valid. However, Defendant's violent conduct and history of recidivism are concerning to the Court, as is her stated intention to return to the home and circumstances from which she led the drug trafficking organization that gave rise to her offense

of conviction. The Court remains unconvinced that Defendant will not return to violence and drug distribution, whether or not she is on supervision and home confinement. The § 3553(a) factors do not support modification. Under the present circumstances, the Court will not grant Defendant the relief she requests.

    IT IS THEREFORE ORDERED that Defendant's motion (Doc. 296) is DENIED.

    IT IS SO ORDERED this 1st day of October, 2020.

                                                 /s/ P. K. Holmes, III
                                                 P.K. HOLMES, III
                                                 U.S. DISTRICT JUDGE